IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Blake Marcell Clark,<br><br>        Plaintiff,<br><br>vs.<br><br>J. Waltower, D. Drasher, T. Patten, B. Bethman,<br><br>        Defendants. | C/A No. 1:18-325-JFA-PGA<br><br><br>**ORDER** |

Blake Marcell Clark ("Plaintiff"), a self-represented state pretrial detainee proceeding *in forma pauperis*, filed this action pursuant to 28 U.S.C. § 1915 and § 1915A. In his Amended Complaint, Plaintiff seeks to sue four officers of the Aiken Department of Public Safety. (ECF No. 20). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this case was referred to a Magistrate Judge for review.

Because the Amended Complaint was filed pursuant to 28 U.S.C. §§ 1915, 1915A, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if, after being liberally construed, it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the action without prejudice

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation

1

and without issuance and service of process because Plaintiff has failed to fully comply with three orders issued by the Magistrate Judge and has failed to provide the necessary information and paperwork to accomplish review and possible service of process under 28 U.S.C § 1915 and § 1915A. (ECF No. 32). The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

By order dated March 8, 2018, the Magistrate Judge provided Plaintiff the opportunity to file an amended complaint to correct deficiencies identified by the Magistrate Judge that would warrant summary dismissal of the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A. (ECF No. 10). In a simultaneously issued order by the Magistrate Judge, Plaintiff was provided an opportunity to submit the documents necessary to bring the case into proper form for evaluation and possible service of process. (ECF No. 9). Plaintiff was warned that failure to provide the necessary information within a specific time period would subject the case to dismissal. Plaintiff did not respond to either order and, on April 6, 2018, the Magistrate Judge recommended summary dismissal of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for Plaintiff's failure to state a claim upon which relief can be granted, and alternatively, for Plaintiff's failure to prosecute and comply with an order of the Magistrate Judge. (ECF No. 15).

On May 1, 2018, Plaintiff filed objections to the April 6 Report and Recommendation indicating he needed an extension of time to comply with the Magistrate Judge's March 8 Order. (ECF No. 19). Plaintiff also filed an Amended Complaint and the documents required for service of process. (ECF Nos. 20 & 22). This Court then vacated the Report and Recommendation and referred this action to the Magistrate Judge because Plaintiff's filings indicated he wished to

---

to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

proceed with this action. (ECF No. 25).

Consequently, on July 30, 2018, the Magistrate Judge again issued an order warning Plaintiff that his Amended Complaint was subject to summary dismissal for the same reasons stated in the Magistrate Judge's March 8 Order, and also that Plaintiff still had not fully complied with the Magistrate Judge's directive to file the documents necessary for the issuance and service of process. (ECF No. 28). The Magistrate Judge's July 30 Order again warned Plaintiff that his failure to comply with the order would subject this matter to dismissal. The deadline given to Plaintiff to respond to the order lapsed on August 17, 2018, and Plaintiff has still not responded. As a result, in its Report, the Magistrate Judge opines that this Court should dismiss the action without prejudice and without issuance and service of process.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on August 28, 2018. (ECF No. 32). The Magistrate Judge required Plaintiff to file objections by September 11, 2018. *Id.* However, Plaintiff failed to file any objections to the Report. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation. (ECF No. 32). Therefore, Plaintiff's Amended Complaint is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

September 26, 2018
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

3